IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TYRECE L. EDWARDS,                          )
                                            )
                        Plaintiff,          )
                                            )
v.                                          )         Case No. 19-2290-CM
                                            )
LAWRENCE G. MICHEL, et al.,                 )
                                            )
                        Defendants.         )

**<u>REPORT AND RECOMMENDATION</u>**

The pro se plaintiff, Tyrece L. Edwards, filed this lawsuit to assert legal malpractice claims against defendants (ECF No. 1). The court granted plaintiff's motion to proceed with this action in forma pauperis and denied the motion for appointment of counsel (ECF No. 5), but required plaintiff to show cause why this case should not be dismissed for lack of subject-matter jurisdiction. Based on plaintiff's response to the show cause order (ECF No. 7), the undersigned U.S. Magistrate Judge, James P. O'Hara, respectfully recommends that the case be dismissed.

Under 28 U.S.C. § 1915 (e)(2)(B)(ii), the court shall dismiss a case at any time if the court determines the action fails to state a claim on which relief may be granted. Courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants proceeding in forma pauperis.[1] Federal courts are of limited jurisdiction and must have a

---

[1] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010).

statutory basis for their jurisdiction.[2]  Therefore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[3]

Plaintiff's complaint asserts claims against defendants for breaching the attorney-client contract, breaching the duty of care owed to plaintiff, and negligence.  As discussed in the court's order granting leaving to proceed in forma pauperis and order to show cause (ECF No. 5), the complaint inadequately asserts federal court jurisdiction.  Plaintiff checked the box for jurisdiction under 28 U.S.C. § 1343 but did not allege any additional facts to link the alleged events to a protected federal civil right.  Plaintiff also checked the box asserting federal court jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332.  Yet plaintiff states that he and defendants are citizens of the same state, Kansas, so diversity of citizenship has not been established.

The order to show cause required plaintiff to establish subject-matter jurisdiction to prevent dismissal.  Plaintiff faxed a response asserting that he was unable to locate the answer to the jurisdictional question, but that the case from which the malpractice claims arose was a federal action and, accordingly, some of the documents and transcripts from that case are located in the federal system.[4]  Additionally, for the first time, plaintiff now

---

[2] *See Perry v. Cowley County Cmty. Coll.*, No. 13-1425-JTM, 2013 WL 6804185, at *1 (D. Kan. Dec. 23, 2013) (discussing the two statutory bases for federal subject-matter jurisdiction: federal jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332) (citing *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003)).

[3] *King*, 2010 WL 5463061, at *1 (citing Fed. R. Civ. P. 12(h)(3)).

[4] ECF No. 7.

alleges that his case arises from 28 U.S.C. § 1331 because of a 14th Amendment violation, though he does not allege any facts related to the elements of a due process claim.[5]

Plaintiff's response does not adequately establish subject-matter jurisdiction in this case. 28 U.S.C. § 1331 grants the federal courts diversity jurisdiction based on a federal question. Yet plaintiff has not raised any federal question in this lawsuit, beyond merely using the term "due process of law" in his response without alleging any supporting facts. Plaintiff fails to show that this court has diversity jurisdiction or jurisdiction under 28 U.S.C. § 1343. Because plaintiff has not alleged any additional facts that establish federal court jurisdiction, the federal court is not the proper forum for this state court claim.

IT IS THEREFORE RECOMMENDED that plaintiff's complaint be dismissed for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(h)(3).

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the order. Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

---

[5] *Id.*

IT IS SO ORDERED.

Dated July 2, 2019, at Kansas City, Kansas.

                                                s/ James P. O'Hara

                                            James P. O'Hara

                                            U. S. Magistrate Judge