**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**TYRECE EDWARDS,**       )
                          )
         **Plaintiff,**   )
                          )
**v.**                    )
                          )    **Case No. 19-2290-CM-JPO**
**LAWRENCE G. MICHEL and** )
**KENNEDY BERKLEY YARNEVICH** )
**WILLIAMSON,**           )
                          )
         **Defendants.**  )
_____)

**MEMORANDUM AND ORDER**

Plaintiff Tyrece Edwards seeks reconsideration (Doc. 12) of the order adopting the July 2, 2019, Report and Recommendation (Doc. 8) ("R & R") of U.S. Magistrate Judge James P. O'Hara. Plaintiff did not object to the R & R, but now asks the court for a second look at his arguments, pursuant to Kansas District Court Rule 7.3 and Fed. R. Civ. P. 60(b). Given plaintiff's pro se status, and the liberality with which this court construes such filings, the court presumes this motion to be procedurally proper and will focus on the substance of plaintiff's arguments. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *But see Smith v. Sprint/United Mgmt. Co.*, 718 F. App'x 630, 633 (10th Cir. 2017) (applying a firm waiver rule when a party failed to file objections to a Report and Recommendation). That substance concerns plaintiff's dissatisfaction over alleged legal malpractice committed by defendants, attorney Lawrence G. Michel and his law firm Kennedy Berkley Yarnevich Williamson ("defendants"). Defendants represented plaintiff in an earlier lawsuit in this court, which charged that plaintiff was discriminated against by a former employer.[1] Although defendants withdrew their representation of plaintiff during that litigation, plaintiff pursued the case on his own,

---
[1] King et al. v. The Rib Crib BBQ, Inc., C.A. No. 16-4142.

-1-

ending with a settlement in his favor and voluntary dismissal of the complaint. The documents that plaintiff has submitted in support of his present motion reveal that he subsequently filed a complaint about defendants' legal representation with the state's Office of the Disciplinary Administrator. (Doc. 12-2, at 72.) This complaint was dismissed in July 2018, when the Deputy Administrator found that the complaint was "wholly without merit" and stated further that there were "no facts supporting your claims of professional misconduct."

Notwithstanding this disappointment, plaintiff filed the present federal complaint, similarly alleging negligence and breach of the attorney-client contract on the part of defendants in their representation of him in the earlier lawsuit. Reviewing the complaint in accordance with 28 U.S.C. § 1915(e)(2) to ensure it stated a claim for which the Court could grant relief, Judge O'Hara was unable to identify a basis for federal jurisdiction and ordered plaintiff to show cause why this matter should proceed in federal court. (Doc. 5.) Plaintiff responded that, because the malpractice occurred in federal court, the allegations stemming from the malpractice should also be tried in federal court. (Doc. 7.) Unpersuaded, Judge O'Hara recommended that the new suit be dismissed for lack of federal subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).[2] With no objection from plaintiff, this Court adopted the R & R, and judgment in favor of Defendants was entered on July 29, 2019. (Docs. 10, 11.)

Plaintiff now seeks reconsideration of the judgment, presenting over one hundred pages of exhibits from his concluded civil rights case, which he characterizes as "newly acquired evidence." (Doc. 12, at 1.) Plaintiff asks the court to exercise jurisdiction over his complaint, and to reinstate his case in order to "prevent manifest injustice." (Doc. 12.) Rule 60(b) of the Federal Rules of Civil Procedure sets forth grounds which might justify the court setting aside a final judgment. Those

---

[2] As all parties are from Kansas, there is no basis for federal diversity jurisdiction under 28 U.S.C. § 1332.

grounds include, among other reasons, mistake, fraud, newly-discovered evidence, and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)–(6).

In an effort to establish a basis for federal jurisdiction, plaintiff has alleged that, because he is a member of a protected class, defendants violated the Constitution's Fourteenth Amendment "by not letting [him] see any of the paperwork for 10 months and not allowing [him] copies of [his] deposition, or dispose of anyone, and losing pertinent evidence." (Doc. 12-1, at 6.) In the absence of any further supporting facts to establish a due process violation, the court refrains from engaging an in-depth analysis of the rights afforded to plaintiff, and other citizens, by the Fourteenth Amendment. For our purposes, it is sufficient to find that this constitutional provision does not, on these facts, operate to control the actions of private citizens such as defendants. *See Marin v. King*, 720 F. App'x 923, 936–937 (10th Cir. 2018). Instead, plaintiff sets forth, in his complaint and in his motion to reconsider, facts that might, if proven, support a state-law legal malpractice claim. As has been previously observed, plaintiff fails to set forth any grounds for federal jurisdiction. As a result, his complaint must be dismissed for lack of subject matter jurisdiction and his motion for reconsideration denied.

**IT IS THEREFORE ORDERED** that plaintiff Tyrece Edwards's motion for reconsideration (Doc. 12) is denied.

Dated this 4th day of October, 2019, at Kansas City, Kansas.

                                          **s/ Carlos Murguia**
                                          **CARLOS MURGUIA**
                                          **United States District Judge**